IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-16-RJ

| | |
|---|---|
| CYBERNET, LLC and ALADDIN REAL ESTATE, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> JONATHAN DAVID, in his personal capacity and his official capacity as District Attorney for the 13th Prosecutorial District of North Carolina; JAMES MCVICKER, in his personal capacity and his official capacity as Sheriff of Bladen County, North Carolina; and TRAVIS DEAVER, in his personal capacity and his official capacity as a Deputy Sheriff of Bladen County, North Carolina, <br><br> Defendants. | <u>O R D E R</u> |

This matter comes before the court on the motion to stay discovery and pretrial proceedings by Defendant Jonathan David ("Defendant David") filed on March 8, 2016. [DE-21]. Defendant David seeks a stay of the discovery and pretrial proceedings in this case pending resolution of his motion to dismiss, filed on February 8, 2016. [DE-12]. Plaintiffs have filed a brief in opposition to the motion to stay. [DE-23].

Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court to issue an order limiting or staying discovery. Specifically, a court has discretion to stay discovery until the court's resolution of pending dispositive motions. *See Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008) (unpublished); *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003). In certain cases, a stay of discovery may be appropriate to prevent a waste of time and resources by the parties and to make efficient use of

judicial resources. *United States v. A.T. Massey Coal Co.*, No. 2:07-0299, 2007 WL 3051449, at *2 (S.D. W. Va. Oct. 18, 2007) (unpublished). "Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Yongo*, 2008 WL 516744, at *2 (quoting *Tilley*, 270 F. Supp. 2d at 735).

Here, Defendant David has demonstrated good cause for his request to stay discovery pending resolution of his motion to dismiss, where the motion has the potential to terminate all claims against Defendant David and the motion raises legal issues amenable to resolution without discovery. Accordingly, (1) discovery in this matter is STAYED pending the court's ruling on Defendant David's motion to dismiss; and (2) within 14 days following the court's ruling on the motion to dismiss the parties shall file an amended proposed discovery plan.

SO ORDERED, the **6** day of April 2016.

Robert B. Jones, Jr.
United States Magistrate Judge