IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:16-cv-00016-RJ

| | |
|---|---|
| CYBERNET LLC; and ALADDIN REAL ESTATE, LLC,<br><br>        Plaintiffs,<br><br>        v.<br><br>JONATHAN DAVID, in his personal capacity and his official capacity as District Attorney for the 13th Prosecutorial District of North Carolina; JAMES McVICKER, in his personal and his official capacity as Sheriff of Bladen County, North Carolina; and TRAVIS DEAVER, in his personal and official capacity as a Deputy Sheriff of Bladen County, North Carolina,<br><br>        Defendants. | **CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER** |

    WHEREAS, Plaintiffs to this action request that this Court issue a protective pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and competitively sensitive payment information that they intend to disclose in connection with discovery in this action;

    WHEREAS, the parties, through counsel, agree to the following terms; and

    WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

    NOW, THEREFORE, IT IS HEREBY ORDERED that, until amended or superseded, this Order shall apply to all further Confidential Information produced in discovery in this litigation, including but not limited to deposition testimony, transcripts and exhibits, answers to interrogatories and documents produced. This Order shall not apply to any information obtained

by publicly available legal means, including publicly available information from witness interviews or public sources.

1. "Confidential Information" is defined as (a) salary, tax and other information relating to the amount and nature of payments made to employees or other personnel; or (b) business information relating to the amount and nature of payments made to suppliers, contractors or other companies with which Plaintiffs do business.

2. Any party may designate information produced by any party or non-party as CONFIDENTIAL. Any non-party may designate information produced by the non-party as CONFIDENTIAL. Subject to the definition of Confidential Information above, any such designation shall be based on a good faith belief that the designated information is not normally available to the public and that the information contains or otherwise discloses (a) material non-public insider information, confidential and/or commercially sensitive or proprietary information; (b) information that a party is under a duty to preserve as confidential under a court or administrative order, by agreement with or obligation to a third person; or (c) other information which the party believes in good faith must be maintained in confidence to protect business, commercial, or privacy interests.

3. After designation and until further order, CONFIDENTIAL information shall not be disclosed to any person other than:

(a) The parties to this Action, including their partners, members, managers, officers, directors, and employees;

(b) Counsel for the parties in this Action, including regular employees or independent contractors of counsel who are assisting in the prosecution or defense of this Action,

and employees of any firm retained to copy or otherwise reproduce or catalogue the information for use in accordance with this Order;

(c) Court and court personnel, including court reporters and stenographic or clerical personnel (collectively "the Court");

(d) Any court reporter or video operator recording or transcribing a deposition in this Action;

(e) Authors, addressees and recipients of particular information designated as CONFIDENTIAL solely to the extent that they have previously had lawful access to the particular information disclosed or to be disclosed;

(f) Actual or potential deposition, hearing, or trial witnesses in this Action who have signed the Certification attached as Exhibit A hereto, but only to the extent reasonably necessary to prepare the witness to testify or to question the witness at said deposition, hearing or trial; and

(g) Such other persons to whom the parties or their undersigned counsel shall agree in writing after such persons have signed the Certification attached as Exhibit A hereto.

4. The persons described in paragraph 3 above may have access to CONFIDENTIAL information consistent with the terms and scope of paragraph 3 as necessary for the prosecution or defense of the litigation, but are prohibited from using, copying, or disclosing it for any other purpose, including any business, governmental or commercial purpose, or any other administrative or judicial proceedings.

5. Information may be designated CONFIDENTIAL as follows:

(a) With respect to documents produced by the designating party or non-party, by marking the first page of the document CONFIDENTIAL. If the entire document is not

confidential, the designating party shall specify on the first page of the document or by attaching a cover page to the document the portions of the document that contain confidential information. Any marks on the document shall be made so as not to interfere with the legibility of the document.

      (b)    Any documents or things identified as CONFIDENTIAL by a party other than the producing party shall be designated as such by letter to counsel for the producing party within thirty (30) days after receipt of the documents or things by that party. All parties shall thereafter take reasonable steps to stamp on the face of the document or thing the word "CONFIDENTIAL."

      (c)    With respect to specific deposition testimony, by making such designation at the deposition or at any time within thirty (30) days after receipt of the deposition transcript. Until the thirty-day period has expired, the entire deposition transcript shall be treated as CONFIDENTIAL. Thereafter, the portion of the transcript of the deposition, if any, that contains such CONFIDENTIAL information shall bear the notation "Confidential Information – Subject to a Protective Order of the United States District Court for the Eastern District of North Carolina" or shall be otherwise appropriately marked by the parties. Nothing herein shall prevent a party from designating testimony as CONFIDENTIAL during a deposition, and if so designated, the court reporter shall be instructed to prepare the transcript of the deposition with the designated testimony marked as "CONFIDENTIAL."

      (d)    With respect to any other thing, by marking the thing in a conspicuous manner as follows: CONFIDENTIAL.

6.    Before any information designated as "CONFIDENTIAL" may be disclosed to any person described in Paragraph 3 above, he or she shall have first read this Order or shall

have otherwise been instructed in his or her obligations under the Order by this Court or counsel for a party. In addition, any person described in Subparagraphs 3(f) or 3(g) shall have executed the Certification included as Exhibit A hereto. The counsel for the party making the disclosure shall retain the original of such executed agreement for a period of at least one year following the final resolution of this Action. Any such signed agreement need not be shown to the opposing counsel except upon mutual agreement or upon an order of the Court for good cause shown.

7. The parties may further designate certain Confidential Information of an extraordinarily highly confidential and/or propriety nature as "CONFIDENTIAL ATTORNEYS' EYES ONLY" or some other equivalent phrase (hereinafter "COUNSEL ONLY" information), in the manner described in paragraph 5 above. Such designation shall not be used routinely but rather shall be used only for information that constitutes, reflects, contains or otherwise discloses material which contains or discloses information of an extremely high degree of commercial or personal sensitivity or privacy or confidentiality, or would provide a competitive disadvantage to a Party (or a competitive advantage to a Party's competitors) if disclosed. COUNSEL ONLY information shall be disclosed only to the persons identified in paragraph 3(b), 3(c), 3(d), 3(e), 3(f), and 3(g). If disclosure of COUNSEL ONLY information is made pursuant to this paragraph, all other provisions in this Order with respect to information designated CONFIDENTIAL shall also apply.

8. Notwithstanding the above provisions, nothing in this Order shall (a) limit a party or a designating party's use or disclosure of its own information; (b) prevent a party, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing information designated as CONFIDENTIAL or COUNSEL ONLY information either: (i) to another court of law; or (ii) as may be required by law. The party intending to make any

disclosure pursuant to this paragraph shall give notice to that effect to the designating party at least ten (10) days prior to making any such disclosure, or if ten (10) days' notice is not feasible, then as much notice as possible under the circumstances.

9. Nothing in this Order prevents the use of CONFIDENTIAL or COUNSEL ONLY information at hearing(s) or trial(s) of this Action. CONFIDENTIAL or COUNSEL ONLY information shall not lose its confidential designation through its use in such hearing(s) or trial(s).

10. Each party has the right to challenge a producing party's designation of any information as CONFIDENTIAL or as COUNSEL ONLY. Such a challenge will take the form of a request: to change a COUNSEL ONLY designation to CONFIDENTIAL; to permit one or more specific parties, or officer(s), director(s), or employee(s) of a Party, to review the material provided that it is otherwise treated as COUNSEL ONLY; or to withdraw entirely a COUNSEL ONLY or CONFIDENTIAL designation. Such request must be communicated to the designating party's counsel in writing. The producing party will then have ten (10) days to respond to the request by either agreeing to the request or by objecting in writing to the request. Should the producing party fail to so respond within ten (10) days, the request shall be deemed accepted. The parties are required to make reasonable efforts to resolve any conflicts over challenged designations. Should such efforts result in an impasse, either party may then move the Court for a resolution of the dispute. The party seeking protection of material as CONFIDENTIAL or COUNSEL ONLY shall bear the burden of demonstrating the need for the confidentiality designation.

11. The inadvertent or unintentional disclosure of information designated as CONFIDENTIAL or COUNSEL ONLY shall not be deemed a waiver, in whole or part, of a party's claim of confidentiality. Any such inadvertently or unintentionally disclosed information

without a confidentiality designation that would otherwise be appropriate shall be designated as CONFIDENTIAL or COUNSEL ONLY as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure and the designating party shall provide counsel for other parties with a duplicate copy bearing the legend CONFIDENTIAL or COUNSEL ONLY, whereupon the unmarked copies will be returned to the producing party or destroyed. Further, the inadvertent or unintentional disclosure of attorney-client privileged information or attorney work-product shall be governed by Fed. R. Civ. P. 26(b)(5).

12. Within ninety (90) days after the conclusion of this Action, all persons having received material marked CONFIDENTIAL or COUNSEL ONLY shall either return such material and all copies thereof to counsel for the party that produced it, or destroy all such material and certify that fact in writing to the producing party. Notwithstanding the foregoing, counsel for each party in this Action shall be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product; provided that said counsel shall not disclose the portions of court papers, deposition transcripts, exhibits or work product containing CONFIDENTIAL or COUNSEL ONLY information to any person (including his own client) except pursuant to Court order or agreement with the party that produced such material. All CONFIDENTIAL or COUNSEL ONLY information returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

13. Unless ordered otherwise by the Court, the parties shall take all reasonable steps necessary to ensure that any materials designated pursuant to this Order as CONFIDENTIAL or COUNSEL ONLY, are filed under seal with the Court. Except for motions filed under seal in accordance Section V.G.1.(f) of this Court's Electronic Case Filing Administrative Policies and Procedural Manual, each time a party seeks to file under seal, the party must accompany the

4812-9338-9647, v. 5

request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing part can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

    (i) The exact document or item, or portion thereof, of which the filing under seal is requested;

    (ii) How such request to seal overcomes the common law or the First Amendment presumption to access;

    (iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

    (iv) The reasons why alternatives to sealing are inadequate; and

    (v) Whether there is consent to the motion.

In addition to the supporting memorandum, the filing party must set out findings supporting these specifications in a proposed order to seal.

    14. This Order shall remain in force and effect until modified, superseded or terminated by the Court or by agreement of the parties. Notwithstanding the termination of this litigation, the Court shall have continuing jurisdiction and authority to enforce this Order and to address any alleged violation of this Order.

    15. Nothing in this Order shall be construed as an agreement or admission: (a) that any information, document or like designated as CONFIDENTIAL or COUNSEL ONLY is in fact confidential; or (b) with respect to the competency, relevance, admissibility or materiality of any such information, document or the like.

8

Case 7:16-cv-00016-RJ   Document 76   Filed 10/18/17   Page 8 of 11

4812-9338-9647, v. 5

This the ____ day of _____, 2017.

                                                      _____
                                                      HON. ROBERT B. JONES, JR.
                                                      UNITED STATES MAGISTRATE JUDGE

STIPULATED AND AGREED:

/s/ Keith P. Anthony
William J. Brian, Jr.
bbrian@morningstarlawgroup.com
Keith P. Anthony
kanthony@morningstarlawgroup.com
Morningstar Law Group
112 W. Main Street, Second Floor
Durham, NC  27701
Telephone: (919) 590-0385
Facsimile:  (919) 882-8890

*Attorney for Plaintiffs Cybernet LLC and Aladdin Real Estate LLC*

/s/ Patrick G. Spaugh
Christopher J. Geis
cgeis@wcsr.com
Patrick G. Spaugh
pspaugh@wcsr.com
Womble Carlyle Sandridge & Rice, PLLC
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660

*Attorneys for Defendants James McVicker and Travis Deaver*

/s/ David J. Adinolfi II
David J. Adinolfi II
Special Deputy Attorney General
dadinolfi@ncdoj.com
North Carolina Attorney General's Office
114 W. Edenton Street
Post Office Box 629
Raleigh, NC 276012-0629
Telephone: (919) 716-6500
Facsimile: (919) 716-6760

*Attorneys for Defendant Jonathan David*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:16-cv-00016-RJ

| | |
|---|---|
| CYBERNET LLC; and ALADDIN REAL ESTATE, LLC,<br><br>        Plaintiffs,<br><br>        v.<br><br>JONATHAN DAVID, in his personal capacity and his official capacity as District Attorney for the 13th Prosecutorial District of North Carolina; JAMES McVICKER, in his personal and his official capacity as Sheriff of Bladen County, North Carolina; and TRAVIS DEAVER, in his personal and official capacity as a Deputy Sheriff of Bladen County, North Carolina,<br><br>        Defendants. | **CERTIFICATION** |

      I hereby certify that I have received and read a copy of the Consent Confidentiality and Protective Order in the above-referenced case, and I agree to be bound by this Order. I further understand that I may not use, copy or disclose information designated CONFIDENTIAL or COUNSEL ONLY in this case except in strict accordance with the Consent Confidentiality and Protective Order, and then only for the prosecution or defense of the litigation referenced in the Order.

Dated: _____        _____
                                                                                        Print Full Name


                                                                        _____
                                                                        Signature