Exhibit L

Deposition Exhibit 32





BENJAMIN R. DAVID
DISTRICT ATTORNEY

*State of North Carolina*

JONATHAN M. DAVID
DISTRICT ATTORNEY

January 8, 2013

To Members of Law Enforcement:

Society has long struggled with the issue of whether or not to permit gambling. While some states authorize the practice of electronic sweepstakes, North Carolina has been consistent in doing everything possible to make this behavior illegal. The Legislature has spoken clearly in enacting Statute 14-306.4. In doing so, the Legislature determined that the social costs associated with gambling (e.g. addiction and secondary deviance) far outweigh the economic benefit derived from the industry.

Confusion in the Courts:

The Legislature made video gambling illegal under N.C. Gen. Stat. 14-306.4. The Supreme Court interpreted the law in *Hest Technologies, Inc. v. Perdue*. (Prior to this ruling, our courts have struggled with whether or not the law was overbroad and violated First Amendment protections regarding free speech.) Last month, the Supreme Court ruled that 14-306.4 does not violate the First Amendment because the law regulates conduct and not speech.

Separation of Powers:

The Legislature's job is to define the law, the Courts' job is to interpret the law, and it is the role of Law Enforcement to enforce the law. The law changed effective January 3, 2013 and moving forward law enforcement will investigate and we will prosecute legal violations. As such, you are going to have to determine on a case-by-case basis, through investigations, whether the law is being violated.

Legal Advice:

Prosecutors have a duty to advise law enforcement pursuant to North Carolina Constitution Article IV, Section 18. You can call any of the designated prosecutors for each county at any time to confer about the merits of your criminal investigation. We are not permitted to give advisory opinions or practice civil law. Accordingly, we will not be answering any questions by gaming establishments or their attorneys about the lawfulness of their behavior.

Effective Date of Law:

January 3, 2013. Moreover, there is a two-year statute of limitations for all misdemeanors, including those listed in 14-306.4. There is no statute of limitations for any felony under North Carolina law. The *Hest* decision remanded the case to the Superior Court trial level for further proceedings. Additionally, the gaming industry has indicated that they may appeal the decision to the United States Supreme Court. The US Supreme Court has denied the gaming industry's request for a stay of the imposition of this precedent. As any additional information becomes available we will notify you immediately.

Other Remedies:

Civil enforcement at the county or city level may be another avenue to regulate video poker. It is necessary to consult your town, city, or county attorney about any aspect of Civil Enforcement. The City of Wilmington, New Hanover, and Brunswick Counties have indicated that they will not issue any further operating permits to video gaming establishments. Of course, this does nothing to limit the existing establishments. Individual businesses will have to determine whether and how they operate. An important consideration for these businesses will be their evaluation of our collective response to this issue. Again, it is our responsibility to speak in a united voice and enforce the law.

Notice to Video Gaming Businesses

In the event that you are giving any notice to video gaming establishments in your jurisdiction, you must refrain from giving them legal advice. You may tell them that business as they know it, i.e. existing practices, became illegal on January 3, 2013. There is no grant of immunity while the *Hest* case is on appeal and they may be subject to civil and criminal penalty. If a business owner is unsure of the legality of their operations they should seek the advice of counsel.

Sincerely,

Benjamin R. David
District Attorney
New Hanover and Pender Counties

Jonathan M. David
District Attorney
Bladen, Brunswick, and Columbus Counties

Enclosures: *Hest Technologies, Inc. v. Perdue* ruling; NC Gen Stat 14-306.4

## Answers for Law Enforcement

**Q:** Will the DA's Office prosecute gambling cases?

**A:** Yes, we will prosecute violations of the gambling law. Any felony violation has no statutory limitation as to when it can be charged. Any misdemeanor violation may be brought within two years of the date of offense. We have the legal ability to determine when to prosecute should there be any appeals to the United States Supreme Court which might delay a final resolution of charges.

**Q:** How should law enforcement proceed?

**A:** You should apply old-fashioned police work and conduct investigations of any reported or suspected crimes as you would in any other situation where there is reason to believe that a crime is or has been committed. We will continue to offer legal guidance on individual investigations.

**Q:** How will you help us in enforcing gambling laws when there has been so much uncertainty for so long due to the appeals process?

**A:** We have already conferred with legal staff within the NC Attorney General's Office for legal clarification. We will as prosecutor's advocate for additional training of officers. We will ask for specialized training from the North Carolina Justice Academy and from the North Carolina School of Government. We will seek to work with other agencies such as the ALE to alleviate the duplication of efforts and to address the real concerns of so many departments who have a man power issue. Every agency entailed with understanding and enforcing these laws will require updated training and information necessitated by the complexity of these cases.

**Q:** Who should I contact at the DA's Office if I have additional questions?

| | | |
|---|---|---|
| **A:** Brunswick | ADA Chris Thomas | 910-253-3910 |
| Bladen/Columbus | ADA Lynn Wilkie | 910-641-4410 |
| New Hanover | Meredith Everhart, City Attorney | 910-343-3629 |
| Pender | ADA Lindsey Luther | 910-663-3951 |

(3) for the purpose of promoting, operating, or conducting a server-based electronic game promotion.

### Punishment

Class 1 misdemeanor for a first offense, Class H felony for a second offense, and Class G felony for a third or subsequent offense or when the person possesses five or more machines. G.S. 14-309(a), (c). If a felony version of this offense is charged, the relevant fact elevating punishment must be alleged in a charging instrument and proved at trial. *See* G.S. 15A-928 (pleading and proving prior convictions).

### Notes

**Element (1).** As a general rule, possession may be actual or constructive. For an explanation of those terms as they apply to other offenses, see the note on Element (2)(c) to "Possession of a Firearm by a Felon" in Chapter 22 (Weapons Offenses) and the note on Element (2) to "Possession of a Controlled Substance" in Chapter 27 (Drug Offenses).

**Element (3).** The term "server-based electronic game promotion" is defined in G.S. 14-306.3(c), reproduced under "Promoting, Operating, or Conducting a Server-Based Electronic Game Promotion," above.

**Exceptions.** See this note to "Promoting, Operating, or Conducting a Server-Based Electronic Game Promotion," above.

**Revocations.** See this note to "Promoting, Operating, or Conducting a Server-Based Electronic Game Promotion," above.

**Seizure of illegal gaming items.** See this note to "Advertising a Lottery," above.

### Related Offenses Not in This Chapter

See the offenses listed under "Advertising a Lottery," above.




## Electronic Sweepstakes

### Statute

§14-306.4. Electronic machines and devices for sweepstakes prohibited.
(a) Definitions.—For the purposes of this section, the following definitions apply:
(1) "Electronic machine or device" means a mechanically, electrically or electronically operated machine or device, that is owned, leased or otherwise possessed by a sweepstakes sponsor or promoter, or any of the sweepstakes sponsor's or promoter's partners, affiliates, subsidiaries or contractors, that is intended to be used by a sweepstakes entrant, that uses energy, and that is capable of displaying information on a screen or other mechanism. This section is applicable to an electronic machine or device whether or not:
   a. It is server-based.
   b. It uses a simulated game terminal as a representation of the prizes associated with the results of the sweepstakes entries.
   c. It utilizes software such that the simulated game influences or determines the winning or value of the prize.
   d. It selects prizes from a predetermined finite pool of entries.
   e. It utilizes a mechanism that reveals the content of a predetermined sweepstakes entry.
   f. It predetermines the prize results and stores those results for delivery at the time the sweepstakes entry results are revealed.



        g. It utilizes software to create a game result.
        h. It requires deposit of any money, coin, or token, or the use of any credit card, debit card, prepaid card, or any other method of payment to activate the electronic machine or device.
        i. It requires direct payment into the electronic machine or device, or remote activation of the electronic machine or device.
        j. It requires purchase of a related product.
        k. The related product, if any, has legitimate value.
        l. It reveals the prize incrementally, even though it may not influence if a prize is awarded or the value of any prize awarded.
        m. It determines and associates the prize with an entry or entries at the time the sweepstakes is entered.
        n. It is a slot machine or other form of electrical, mechanical, or computer game.
   (2) "Enter" or "entry" means the act or process by which a person becomes eligible to receive any prize offered in a sweepstakes.
   (3) "Entertaining display" means visual information, capable of being seen by a sweepstakes entrant, that takes the form of actual game play, or simulated game play, such as, by way of illustration and not exclusion:
        a. A video poker game or any other kind of video playing card game.
        b. A video bingo game.
        c. A video craps game.
        d. A video keno game.
        e. A video lotto game.
        f. Eight liner.
        g. Pot-of-gold.
        h. A video game based on or involving the random or chance matching of different pictures, words, numbers, or symbols not dependent on the skill or dexterity of the player.
        i. Any other video game not dependent on skill or dexterity that is played while revealing a prize as the result of an entry into a sweepstakes.
   (4) "Prize" means any gift, award, gratuity, good, service, credit, or anything else of value, which may be transferred to a person, whether possession of the prize is actually transferred, or placed on an account or other record as evidence of the intent to transfer the prize.
   (5) "Sweepstakes" means any game, advertising scheme or plan, or other promotion, which, with or without payment of any consideration, a person may enter to win or become eligible to receive any prize, the determination of which is based upon chance.

(b) Notwithstanding any other provision of this Part, it shall be unlawful for any person to operate, or place into operation, an electronic machine or device to do either of the following:
   (1) Conduct a sweepstakes through the use of an entertaining display, including the entry process or the reveal of a prize.
   (2) Promote a sweepstakes that is conducted through the use of an entertaining display, including the entry process or the reveal of a prize.

(c) It is the intent of this section to prohibit any mechanism that seeks to avoid application of this section through the use of any subterfuge or pretense whatsoever.

(d) Nothing in this section shall be construed to make illegal any activity which is lawfully conducted on Indian lands pursuant to, and in accordance with, an approved Tribal-State Gaming Compact applicable to that Tribe as provided in G.S. 147-12(14) and G.S. 71A-8.

(e) Each violation of this section shall be considered a separate offense.

(f) Any person who violates this section is guilty of a Class 1 misdemeanor for the first offense and is guilty of a Class H felony for a second offense and a Class G felony for a third or subsequent offense.

### Elements

A person guilty of this offense

(1) operates or places into operation
(2) an electronic machine or device
(3) (a) to conduct a sweepstakes through the use of an entertaining display, including the entry process or the reveal of a prize, *or*
    (b) to promote a sweepstakes conducted through the use of an entertaining display, including the entry process or the reveal of a prize.

### Punishment

First offense is a Class 1 misdemeanor, second offense is a Class H felony, and third or subsequent offense is a Class G felony. G.S. 14-306.4(f). If a felony version of this offense is charged, the relevant fact elevating punishment must be alleged in a charging instrument and proved at trial. *See* G.S. 15A-928 (pleading and proving prior convictions).

### Notes

Generally. G.S. 14-306.4(c) sets forth the legislative intent "to prohibit any mechanism that seeks to avoid application of this section through the use of any subterfuge or pretense whatsoever."

Element (2). The term "electronic machine or device" is defined in G.S. 14-306.4(a)(1).

Element (3). The terms "enter" and "entry" are defined in G.S. 14-306.4(a)(2). The term "entertaining display" is defined in G.S. 14-306.4(a)(3). The term "prize" is defined in G.S. 14-306.4(a)(4). The term "sweepstakes" is defined in G.S. 14-306.4(a)(5).

Exceptions. The statute provides that it may not be construed to make illegal any activity lawfully conducted on Indian lands pursuant to, and in accordance with, an approved Tribal-State Gaming Compact applicable to that tribe as provided in G.S. 147-12(14) and G.S. 71A-8. G.S. 14-306.4(d).

Multiple convictions and punishments. Each violation is a separate offense. G.S. 14-306.4(e).

Seizure of illegal gaming items. See this note under "Advertising a Lottery," above.

### Related Offenses Not in This Chapter

None