```
STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
ALAMANCE COUNTY                    SUPERIOR COURT DIVISION
                                      File No. 16 CVS 990
```

---

CRAZIE OVERSTOCK PROMOTIONS, LLC

        Plaintiff,

vs.

STATE OF NORTH CAROLINA, MARK J. SENTER, in his official capacity as Branch Head of the Alcohol Law Enforcement Divsion, and in his individual capacity; et al,

        Defendants.

---

CONTINUED HEARING ON PRELIMINARY INJUNCITON

BEFORE THE HONORABLE JUDGE VINSTON M. ROZEIR, JR.

    Thursday, November 2, 2017

    Wake County Courthouse

    311 Fayetteville Street

    Raleigh, North Carolina

    Time Commencing 9:30 a.m.

Page 2

```
 1
 2   A P P E A R A N C E S   O F   C O U N S E L
 3
 4   ON BEHALF OF THE PLAINTIFFS
     MORNINGSTAR LAW GROUP
 5   BY:  KEITH B. ANTHONY, ESQUIRE
          WILLIAM J. BRIAN, JR. ESQUIRE
 6   421 Fayetteville Street
     Suite 530
 7   Raleigh, NC 27601
     (919) 590-0370
 8   kanthony@morningstarlawgroup.com
 9   ON BEHALF OF DEFENDANTS
     NORTH CAROLINA DEPARTMENT OF JUSTICE
10   BY:  J. JOY STRICKLAND, ESQUIRE
     114 West Edenton Street
11   Raleigh, North Carolina 27603
     Phone: 919.716.6516
12   JStrickland@NCDOJ.gov
13
...
19              * * *
```

Page 3

```
              INDEX OF EXAMINATIONS AND EXHIBITS
 2   WITNESS JEFF SMITH                         Page
 3     Examination by Mr. Anthony                12
 4     Examination by Ms. Strickland             18
 5   WITNESS PETER GORDON, PH.D.
 6     Examination by Mr. Brian                  27, 89
 7     Examination by Ms. Strickland             75
 8   WITNESS KEITH BUSH
 9     Examination by Mr. Anthony                94, 119
10     Examination by Ms. Strickland             103, 123
11   WITNESS TED LYDA
12     Examination by Mr. Anthony                123, 153
13     Examination by Ms. Strickland             140
14
15   PLAINTIFF'S EXHIBITS    FOR ID    IN EVIDENCE
16   25                        --         40
17   26                        --         42
18   52                        101        122
19   53                        136        139
20   54                        --         161
...
22              * * *
```

Page 4

PROCEEDINGS

(Whereupon, the Court had a discussion with the litigant and the official on staff court reporter was dismissed.)

THE COURT: Yes, sir, so what were you saying in regard to the affidavits of witnesses that you wanted to address?

MR. ANTHONY: Thank you, your Honor, and also as a preview. We have today Jeff Smith who is finishing up his testimony on the redirect and any further re-cross examination and we are calling Dr. Gordon as an expert witness to testify as well.

In addition to that you might recall that we talked about the possibility of presenting some affidavits from some owners of retail establishments to explain that the reason that they had closed their stores is as a result of some of the law enforcement actions by ALE.

We had previewed what those affidavits might look like with the Court and with Ms. Strickland. We prepared those affidavits and presented those to Ms. Strickland for her to review and see if she would consent to the

Page 5

use of those in lieu of having live testimony.

She has reviewed those and has indicated to us that she will not consent to the use of those affidavits.

We have three of them, three affidavits, and they are consistent with what I think we had previewed to the Court and to Ms. Strickland.

Two of those witnesses, the affidavits are from Ted Lyda, Keith Bush, and Dawn Moffatt. Two of those witnesses, Ted Lyda and Keith Bush are available here this morning to testify and they will be getting here by 11:00 a.m.

We can have them testify. Dawn Moffatt is not available today or tomorrow to be able to testify.

I think for purposes of the hearing, we will likely be able to just expedite it and go on the affidavits. I don't know that live testimony is necessarily required. This is a preliminary injunction hearing as opposed to a full-blown trial.

For purposes of Mr. Lyda and Mr. Bush

Page 222

1  based solely on chance.
2      When you take the whole system into
3  play, I would argue that the amount of chance
4  that is present predominates that as skill
5  and doesn't put them into any exception in
6  this statute, your Honor, or the others that
7  are there.
8      Your Honor, a case came out just in
9  August of this year where Crazie Overstock
10 had sued the Bladen County Sheriff's Office
11 and realizes an unpublished opinion. I am
12 not asking your Honor to consider it for
13 precedential value.
14     Specifically in that case the Court of
15 Appeals said that they were not determining
16 the merit of the Rewards system. They were
17 addressing specifically whether or not there
18 was an immunity issue for the defendants in
19 that case.
20     But in their opinion, it says, "It
21 certainly can be argued that the CO rewards
22 program is a form of illegal gambling," and
23 it goes on to explain exactly what the Crazie
24 Overstock program does.
25     I am not asking your Honor to consider

Page 223

1  that for the purpose of setting a
2  precedential appellate case that has rules
3  already on the legality of this program, but
4  if the Court of Appeals has included language
5  saying, "It can be argued," then I am
6  asking your Honor to look at the evidence
7  that you have heard which is, as I say, I am
8  making the argument that it is illegal
9  gambling, for you to find that the plaintiffs
10 cannot show they can be successful on the
11 merits because the way that their system
12 operates does violate the law, your Honor.
13     Thank you.
14     THE COURT: Yes, sir.
15     MR. ANTHONY: Thank you, your Honor.
16 Let me address that case first to be very
17 clear about that. It is a recent case to the
18 Court of Appeals and it involved Crazie
19 Overstock and the Court made a statement that
20 it could be argued in-dicta at the end, but
21 the issue in that case was whether or not
22 there was quasi-judicial immunity or
23 qualified immunity.
24     The merits of that case, the merits of
25 the Rewards Program, the details of how the

Page 224

1  Rewards Program operates was not presented to
2  the Court of Appeals.
3      That was not an issue at all that was
4  discussed with the Court of Appeals.
5      There was clearly no determination, no
6  nothing, related to that. They threw that
7  statement in there. There actually has been
8  a rehearing that has been granted in that
9  case. The defendant requested so it is
10 actually going to continue back before the
11 Court of Appeals as it is.
12     This argument with respect to it is a
13 sweepstakes because there a prize that is
14 really an argument that is based on
15 semantics, as best as I can understand it.
16     It is based on Exhibit 13 having the
17 word prizes listed at the top.
18     There was direct testimony about that
19 term by Mr. Smith and by Mr. Farley. The
20 word "prizes" was not a legal term as is
21 being used now by Ms. Strickland in her
22 argument. It was just, "Those are the
23 Reward points that you get."
24     It says prizes, however as we were clear
25 that legally what a prize is, it is something

Page 225

1  that has value and here all the evidence
2  shows is that these Reward points have no
3  value. As I discussed earlier there is
4  nothing you can do with that.
5      You cannot redeem them for cash. You
6  cannot go get products off the website or
7  discounts off those products. You cannot
8  apply it towards shipping or discount on the
9  shipping. You cannot use it for anything
10 other than going back and playing Rewards
11 Games again or using it to enter the
12 dexterity test.
13     As I mentioned before, as we cited in
14 our brief, there are cases that say that just
15 being able to play something again, to play
16 something like that, is not something that is
17 of value.
18     The Rewards points have no value and
19 that is not a basis to say under the law that
20 it is a sweepstakes. When you look at the
21 way that that statute operates and the way
22 that our system does, it doesn't.
23     It is always important to keep in mind
24 too, as you think about, just because there
25 is some sort of chance associated with it, it

Page 226

1  doesn't make it a sweepstakes.
2       A sweepstakes by definition means a game
3  of chance according to 14-306.4 subsection A
4  5, "sweepstakes means any game advertising
5  scheme or plan or other promotion which with
6  or without payment of any consideration a
7  person may enter to win or become eligible to
8  receive a prize a determination of which is
9  based upon chance."
10      Under the sweepstakes statute,
11 sweepstakes is a game of chance, but there is
12 a carve out if it is dependent upon skill or
13 dexterity.
14      By definition, a sweepstakes is a game
15 of chance, however, if it has skill and
16 dexterity to it, then it is not an illegal
17 sweepstakes under 14-306.4.
18      The Court of Appeals in the Gift Surplus
19 Sand Hills case has clarified that. When you
20 look at this what you are figuring out is
21 whether the ultimate outcome, the actual
22 prize which in here is the cash back Reward,
23 whether that is determined by chance, whether
24 chance can override or thwart the exercise
25 of skill.

Page 227

1       And here as we have shown the only prize
2  that you get is not thwarted by chance. It
3  is not overridden by chance in any scenario.
4  It is always determined by the skill and the
5  dexterity so it is not an illegal sweepstakes
6  under 14-306.4.
7       THE COURT: We are going to recess at
8  this time. Come back tomorrow morning at
9  10:30 and I say that because I may need some
10 extra time to make sure that I am clear in
11 regards to my ruling on the State's motion to
12 not proceed.
13      But everyone needs to be prepared in the
14 event that I deny the motion. We are in
15 recess until 10:30.

Page 228

United States of America    )
                            ss:
ORANGE COUNTY               )

CERTIFICATE OF THE REPORTER

I, T. S. Hubbard, Jr., a do hereby certify that the witness whose deposition is hereinbefore set forth was duly sworn by myself, a duly authorized notary in and for the State of North Carolina, and that the within transcript is a true and accurate reflection of the testimony herein.

I further certify that I am not related by blood or marriage to any of the parties who are at issue in this cause of action.

IN WITNESS WHEREOF, I have hereunto set my hand this 6TH day of November 2017.

_[signature]_

Thomas S. Hubbard, Jr.
Court Reporter